IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANK PACHECO,

                    Petitioner,

                                        CIVIL ACTION
        vs.                             No. 09-3256-RDR

COMMANDANT, USDB,

                    Respondent.


MEMORANDUM AND ORDER

This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241.  Petitioner, a prisoner at the United States Disciplinary Barracks, Fort Leavenworth, Kansas, seeks habeas corpus relief on the ground that he received ineffective assistance of counsel during court-martial proceedings.

**Background**

Petitioner was convicted in December 2004 by a general court-martial, pursuant to his plea, of sodomy on a child and indecent acts with a child in violation of Articles 125 and 134 of the Uniform Code of Military Justice (UCMJ).

The military judge also convicted him, contrary to his pleas, of attempted forcible sodomy and indecent acts with a

child, in violation of Articles 80 and 134, UCMJ.  Petitioner

was sentenced to a bad-conduct discharge, reduction to the grade

of E-1, and a term of twenty-two years.

The victim of these crimes was petitioner's stepdaughter,

who was nine years old when the abuse began.

Petitioner unsuccessfully appealed his conviction to the

Army Court of Criminal Appeals and the Court of Appeals for the

Armed Forces on the same grounds he presents in this petition.

**Standard of review**

A federal court may grant relief pursuant to § 2241 to a

federal prisoner who demonstrates he "is in custody in violation

of the Constitution or laws or treaties of the United States."

§ 2241(c).  The federal civil courts, however, have only limited

authority to review court-martial proceedings.  *Burns v. Wilson,*

346 U.S. 137, 139-42 (1953).  This review is initially limited

to determining whether the claims raised by the petitioner were

given full and fair consideration by the military courts.  *Lips*

*v. Commandant, United States Disciplinary Barracks,* 997 F.2d

808, 811 (10th Cir. 1993), *cert. denied,* 510 U.S. 1091 (1994).

If so, a federal court does not reach the merits and should deny

the petition.  *See Roberts v. Callahan*, 321 F.3d 994, 995-96

(10th Cir.)(citing *Lips*), *cert. denied*, 540 U.S. 973 (2003).

Generally, an issue is considered to have been given "full

2

and fair consideration" when it has been briefed and argued, even if the military court summarily disposes of the matter. *Id.* at 997; *Watson v. McCotter,* 782 F.2d 143, 145 (10th Cir.), *cert. denied,* 476 U.S. 1184 (1986).  The fact that the military court did not specifically address the issue in a written opinion does not establish that an issue was not given appropriate consideration. *Lips,* 997 F.2d at 812, n. 2.  Rather, "when an issue is briefed and argued" before a military court, "the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not find the issue meritorious or requiring discussion."  *Id.,* citing *Watson,* 782 F.2d at 145.

The petitioner has the burden of showing that the military review was "legally inadequate" to decide his claims.  *Watson,* 782 F.2d at 144 (citing *Burns,* 346 U.S. at 146).  Absent that a showing, the federal court cannot reach the merits. *Id.*

In the Tenth Circuit, a federal court must weigh four factors in determining whether it may review a claim presented by a military prisoner:

> "1. The asserted error must be of substantial consti-
> tutional dimension ... 2. The issue must be one of law
> rather than of disputed fact already determined by the
> military tribunals.... 3. Military considerations may
> warrant different treatment of constitutional claims
> ..... 4. The military courts must give adequate
> consideration to the issues involved and apply proper

legal standards." *Roberts*, 321 F.3d at 996.

Petitioner asserts that he was denied the effective assistance of counsel by the failure of his defense counsel to advise him that the R.C.M. 706 Board that evaluated his mental capacity and mental responsibility for the crimes found that he suffered from a mental disease or defect.  He contends that had he known this, he would not have entered a guilty plea to the charges of sodomy on a child and indecent acts with a child.

A review of the record shows that petitioner's appellate counsel presented the claim of ineffective assistance of counsel to the Army Court of Criminal Appeals (ACCA).  The relevant assignments of error presented to the ACCA include claims both (1) that petitioner was denied the effective assistance of counsel because defense counsel failed to advise him of the finding of the R.C.M. 706 Board that he suffered from a severe mental disease or defect and failed to adequately explain to him the legal significance of that finding and (2) that the military judge erred in failing to reopen the inquiry into his pleas to enure that petitioner understood that finding and its legal significance, and to establish that petitioner still wished to enter the guilty pleas (Doc. 5, Ex. 4, 7-28).

The briefing by defense counsel addressed the standard for

4

ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984).   Government counsel filed a brief arguing that defense counsel was not ineffective because while both petitioner's expert and the sanity board agreed that he suffered from a mental disease or defect, there was no viable defense based upon that fact because the petitioner's mental state did not prevent him from understanding the wrongfulness of his acts.

The portions of the record before the court reflect that the military judge conducted a thorough providence inquiry before accepting petitioner's guilty plea, and petitioner admitted during that proceeding that he knew that his conduct toward the victim was wrong.   The military judge questioned petitioner's expert witness, a clinical and forensic psychologist, who testified that petitioner, although suffering from a severe mental disease or defect, was able to appreciate the wrongfulness of his acts both at the time of their commission and during the court-martial proceedings, and that he understood the proceedings.   The three doctors who conducted petitioner's sanity board had reached the same conclusion.

The ACCA entered a summary denial of petitioner's claims and affirmed the findings and sentence against petitioner. (Doc. 5, Ex. 6.)

Petitioner sought review in the Court of Appeals for the

Armed Forces (CAAF), and the brief submitted to that court included the claims of ineffective assistance of counsel and judicial error. (Doc. 5, Ex. 7, Appendix.). The CAAF entered a summary disposition and denied relief. (Doc. 5, Ex. 11). Petitioner, proceeding pro se, submitted a petition for reconsideration to the CAAF, asserting the ground he presents in the present petition. (Doc. 5, Ex. 10). The CAAF reviewed the materials submitted but denied relief. (Doc. 5, Ex. 11).

This court has considered the petition under the narrow standard of review that governs this action and finds no ground for habeas corpus relief. First, the portions of the court-martial before the court establish that the military judge questioned petitioner and considered expert testimony concerning his mental state before accepting his guilty pleas. The record supports the conclusion that petitioner is not entitled to relief on the claim of ineffective assistance because, even assuming his counsel failed to disclose the results of the psychological evaluations to him, there was overwhelming evidence that he both committed the crimes and appreciated the wrongfulness of his conduct. *See Strickland*, 466 U.S. at 691-92 ("error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment ... if the error had no effect on the judgment.")

6

Next, it is apparent both that the claim of ineffective assistance was exhausted in the military courts and that it was briefed under the correct legal standard, namely, *Strickland v. Washington*.  Finally, the military appellate courts entered summary dispositions reflecting their consideration of the materials submitted by the petitioner and affirmed the decision of the court-martial.  This is adequate to demonstrate full and fair consideration.  *Watson,* 782 F.2d at 145.

For these reasons, the court concludes the petitioner's claim was given full and fair consideration in the military courts and further concludes petitioner is not entitled to habeas corpus relief.

IT IS, THEREFORE, BY THE COURT ORDERED this action is dismissed and all relief is denied.

A copy of this order shall be transmitted to the parties.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 19th day of September, 2011.


S/ Richard D. Rogers
RICHARD D. ROGERS
United States Senior District Judge

7